UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FCCI INSURANCE COMPANY,

Plaintiff,

v.                      4:12-cv-191

MCLENDON ENTERPRISES, INC.; and
BROOKS LAMAR MITCHELL,

Defendants.

## ORDER

On April 30, 2013, the Court entered an Order denying Brooks Lamar Mitchell's Motion to Dismiss. ECF No. 38. Due to a typographical error at the end of footnote three, the Court *VACATES* ECF No. 38. The Court enters this Order in its stead.

Before the Court is Brooks Lamar Mitchell's ("Mitchell") Motion to Dismiss. ECF No. 20. Mitchell asserts this Court lacks subject matter jurisdiction over FCCI's declaratory judgment complaint because no actual controversy exists. *Id.* at 3. The Court disagrees. Mitchell's motion to dismiss is *DENIED*.

### I. STANDARD OF REVIEW

Rule 12(b)(1) motions, like the present motion, come in two flavors. They "can be asserted on either facial or factual grounds." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). Facial attacks on subject matter jurisdiction are subject to the same standard of review as 12(b)(6) motions. *Gupta v. McGahey*, 709 F.3d 1062, 1064 (11th Cir. 2013) (citing *Carmichael*, 572 F.3d at 1279).

Mitchell's motion is a facial attack. It is "based [solely] on the allegations in the complaint." *Gibbs v. United States*, 865 F. Supp. 2d 1127, 1135 (S.D. Fla. 2012) (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2005). The Court therefore must accept as true all factual allegations in a complaint and construe them in the light most favorable to the plaintiff. *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1271 n.4 (11th Cir. 2012). Nevertheless, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

With that review lens established, the Court turns first to the factual underpinnings of the motion, and second to a discussion of the legal issues presented.

### II. BACKGROUND

On September 22, 2011, Mitchell, an employee of McLendon Enterprises, drove a company truck in which Bobby Brooks Mitchell and Elijah Profit were passengers. ECF No. 30 at 7. An Evans County school bus failed to stop at a stop sign and collided with Mitchell. *Id.* The accident severely injured Mitchell and his two passengers.

GSBA Risk Management Fund ("GSBA") provided liability insurance to Evans County at the time of the accident. *Id.* at 10. The policy had a liability limit of $1,000,000. *Id.* GSBA has paid out to Bobby Mitchell, Profit, and Mitchell the policy limits for damages relating to the accident. *Id.*

FCCI insured McLendon. *Id.* at 3. The FCCI policy provided that FCCI would pay all money "the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'uninsured motor vehicle.'" *Id.* at 11. "Uninsured motor vehicle" included *under*insured vehicles as well, which the policy defined as those vehicles:

> for which the sum of the limits of all liability . . . policies applicable at the time of the 'accident' either (1) is not enough to pay the full amount the covered 'insured' is legally entitled to recover as damages, or (2) has been reduced by payment of claims to an amount which is not enough to pay the full amount the covered 'insured' is legally entitled to recover as damages.

*Id.*

Mitchell never filed suit against Evans because he settled with the county and GCBA for $650,000. *See* ECF No. 30 at 22. Mitchell admits that Evans is "immune from any further liability above the liability limits [of the GCBA policy]." *Id.* at 22. Mitchell nevertheless sent a settlement demand of $1,000,000—the limits of the uninsured motorist coverage FCCI issued to McLendon—to FCCI subsequent to the filing of this action. *Id.* at 6, 20-23.

FCCI filed this declaratory judgment action seeking guidance on its liability and coverage obligations as insurer for McLendon. *Id.* at 16. FCCI contends that Evans's statutorily limited liability[1] prevents the bus involved in the accident from being considered an underinsured motor vehicle under the policy. *Id.* at 15. FCCI therefore believes it is not "obligated to defend, indemnify or expend any sums on behalf of McLendon for any damages . . . arising out of the September 22, 2011 incident." *Id.* at 16.

Mitchell now seeks dismissal of this case, arguing that because he never filed a complaint against Evans, no actual controversy exists as to coverage and thus this Court lacks subject matter jurisdiction under 28 U.S.C. § 2201. ECF No. 20. At 3.

### III. DISCUSSION

"In a case of *actual controversy* . . . any court of the United States . . . may declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201 (emphasis added). Thus, "[i]n all cases arising under the Declaratory Judgment Act . . . the threshold question is whether a justiciable controversy exists." *Atlanta Gas Light Co. v. Aetna Cas. And Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995).

Notably, the language of § 2201 does not include a requirement that a declaratory judgment defendant have filed a complaint in order for an actual controversy to exist. All the statute requires is an actual, justiciable controversy. *See id.* This case presents one.

FCCI claims it has no obligation to pay out any money under McLendon's uninsured motorist coverage because the

---

[1] O.C.G.A. § 33-24-51(c) limits the liability of any political subdivision of the state of Georgia for damages stemming from the negligent use of a state-owned vehicle "to the extent of the limits or the coverage of the insurance policy" covering the vehicle.

2

Evans bus was not an underinsured motor vehicle at the time of the accident. *See* ECF No. 30 at 16. Mitchell has made a settlement demand of FCCI seeking payment of the uninsured motorist policy limits. *Id.* at 20-23. One party claims entitlement to coverage, the other party denies it is obligated to cover. That is the very definition of an actual controversy for purposes of declaratory relief, even absent a judgment or lawsuit challenging FCCI's coverage liability. *See Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

### IV. CONCLUSION

Because an actual controversy exists here, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2201 and § 1332.[2] Mitchell's motion therefore must be **DENIED**.[3]

This 7 day of ~~April~~ May 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Although § 2201 grants courts the discretion to declare the rights of parties, it does not independently confer subject matter jurisdiction. *See Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989) (noting that "a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity."). The parties here, however, are diverse and the amount in controversy handily exceeds $75,000. *See* 28 U.S.C. § 1332. Diversity jurisdiction over any claims Mitchell might bring against FCCI under state law therefore would be appropriate.

[3] In denying Mitchell's motion to dismiss, the Court in no way suggests FCCI should prevail on the merits of the "actual controversy" in this case. Indeed, the Court is dubious that the liability limitation in O.C.G.A. 33-24-51(c) can effectively transfer to a third party insurer like FCCI. "The intent of the [Georgia] legislature in enacting [O.C.G.A. § 33-24-51] was to allow for the compensation of parties injured by employees and agents of the state . . . where recovery is otherwise barred [by state sovereign immunity]." *Crider v. Zurich Ins. Co.*, 222 Ga. App. 177, 178-79 (1996). The legislature did not, it appears, intend to extend a derivative liability limitation to third party insurers who contract to provide underinsured motorist coverage to accident victims when those victims are injured by state vehicles. In other words, the state's liability limitation very well may limit *only* what Mitchell is entitled to vis-à-vis Evans County. It very well may not, however, limit generally what Mitchell is "legally entitled to recover as damages" vis-à-vis other parties from whom Mitchell seeks recovery. ECF No. 30 at 12 (quoting the policy language FCCI relies on to argue that the Evans County bus was not an underinsured motor vehicle).

3