UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FCCI INSURANCE COMPANY,

Plaintiff,

v.     4:12-cv-191

MCLENDON ENTERPRISES, INC.; and
BROOKS LAMAR MITCHELL,

Defendants.

## ORDER

### I. INTRODUCTION

FCCI Insurance Company ("FCCI") brings this action against McLendon Enterprises, Inc. ("McLendon") and Brooks Lamar Mitchell ("Mitchell") seeking declaratory relief as to the rights and obligations of the parties to an insurance contract. ECF No. 1. Mitchell and FCCI cross moved for summary judgment.[1] The Court concludes that the proper interpretation of the insurance contract permits recovery by Mitchell and so it *GRANTS* his motion and *DENIES* that of FCCI.

### II. BACKGROUND[2]

On September 22, 2011, Mitchell, an employee of McLendon Enterprises, drove a company truck in which Bobby Brooks Mitchell and Elijah Profit were passengers. ECF No. 30 at 7. An Evans County school bus failed to stop at a stop sign and collided with Mitchell. *Id.* The accident severely injured Mitchell and his two passengers.

GSBA Risk Management Fund ("GSBA") provided liability insurance to Evans County at the time of the accident. *Id.* at 10. The policy had a liability limit of $1,000,000. *Id.* GSBA has paid out to Bobby Mitchell, Profit, and Mitchell the policy limits for damages relating to the accident. *Id.*

FCCI insured McLendon. *Id.* at 3. The FCCI policy provided that FCCI would pay all money "the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'uninsured motor vehicle.'" *Id.* at 11. "Uninsured motor vehicle" included underinsured vehicles as well, which the policy defined as those vehicles:

> for which the sum of the limits of all liability . . . policies applicable at the time of the 'accident' either (1) is not enough to pay the full amount the covered 'insured' is legally entitled to recover as damages, or (2) has been reduced by payment of claims to an amount which is not enough to pay the full amount the covered 'insured' is legally entitled to recover as damages.

*Id.*

Mitchell never filed suit against Evans because he settled with the county and GCBA for $650,000. See ECF No. 30 at 22. Mitchell admits that Evans is "immune from any further liability above the liability limits [of the GCBA policy]." *Id.* Mitchell nevertheless sent a settlement demand of

---

[1] McLendon maintains "a neutral position as to the controversy at issue," and "neither supports nor opposes either motion for summary judgment filed by the other parties." ECF No. 53 at 1.

[2] Taken substantially from ECF No. 40 at 1-2.

$1,000,000—the limits of the uninsured motorist coverage FCCI issued to McLendon—to FCCI subsequent to the filing of this action. *Id.* at 6, 20-23.

FCCI filed this declaratory judgment action seeking guidance on its liability and coverage obligations as insurer for McLendon. *Id.* at 16. FCCI contends that Evans's statutorily limited liability prevents the bus involved in the accident from being considered an underinsured motor vehicle under the policy. *Id.* at 15. FCCI therefore believes it is not "obligated to defend, indemnify or expend any sums on behalf of McLendon for any damages . . . arising out of the September 22, 2011 incident." *Id.* at 16.

### III. ANALYSIS

#### A. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties agree as to the relevant material facts, *see* ECF Nos. 44 at 4; 54 at 3, 5, and the Court decides this case as a matter of law, O.C.G.A. § 13-2-1 ("The construction of a contract is a question of law for the court. Where any matter of fact is involved, the jury should find the fact.").

#### B. Ambiguity of the Insurance Contract

In Georgia, a contract is unambiguous if there is only one reasonable interpretation of the language. *See In re NetBank, Inc.*, 729 F.3d 1344, 1350 (11th Cir. 2013). The insurance contract's phrase "legally entitled to recover" is the focus of this dispute. ECF Nos. 44 at 8; 54 at 5. FCCI argues the phrase means recovery from the tortfeasor is possible. ECF No. 49-6 at 15. Mitchell argues that the phrase "means that the insured must show that the fault of the uninsured motorist gives rise to damages." ECF No. 44 at 8. Both of these interpretations are reasonable in light of the common definitions of the words and the remainder of the policy contract. *See Netbank*, 729 F.3d at 1349 (looking to the four corners of the contract for clarification). So, the Court concludes "legally entitled to recover" is ambiguous.

#### C. Interpretation of the Contract

"Having found the [policy] to be ambiguous, we apply the rules of contract construction." *Id.* at 1350; *see also S. Gen. Ins. Co. v. Alford*, 507 S.E.2d 179, 180 (Ga. Ct. App. 1998) (holding "the ordinary rules of contract construction govern when construing the provisions of an insurance policy"). No Georgia opinion has directly addressed uninsured motorist coverage in light of the statutory provision waiving sovereign immunity to the extent that a county obtains liability coverage. ECF Nos. 44 at 11; 49-6 at 16. Yet existing case law combined with the statute is sufficient to decide this issue.

O.C.G.A. § 33-24-51 provides

> (a) A . . . county . . . of this state is authorized in its discretion to secure and provide insurance to cover liability for damages on account of bodily injury or death resulting from bodily injury to any person or for damage to property of any person, or for both arising by reason of

2

ownership, maintenance, operation, or use of any motor vehicle by the . . . county . . . and to pay premiums for the insurance coverage.

(b) The sovereign immunity of local government entities for a loss arising out of claims for the negligent use of a covered motor vehicle is waived as provided in Code Section 36-92-2. Whenever . . . a county . . . of this state shall purchase the insurance authorized by subsection (a) of this Code section to provide liability coverage for the negligence of any duly authorized officer, agent, servant, attorney, or employee in the performance of his or her official duties in an amount greater than the amount of immunity waived as in Code Section 36-92-2, its governmental immunity shall be waived to the extent of the amount of insurance so purchased. . . . [T]he . . . county shall [not] plead governmental immunity as a defense; and the . . . county . . . may make only those defenses which could be made if the insured were a private person.

The statute treats Evans County as a private person for the sake of this lawsuit. And for the sake of this lawsuit, like a private person, Evans County has limited means to pay Mitchell. In fact, Evans County's only resource here is the $1,000,000 insurance policy.

FCCI contends that its inability to subrogate losses by suing Evans County changes the benefit of the bargain of the insurance contract. ECF No. 54 at 12-14. But in light of the statutory treatment of Evans County as a private person, this argument is not compelling because FCCI would be in the same economic position if Mitchell had been hurt by a motorist susceptible to a judgment of exactly $1,000,000. Disposing of this argument, however, does not decide this matter in Mitchell's favor.

*Tinsley v. Worldwide Insurance Co.*, 442 S.E.2d 877, 878-79 (Ga. Ct. App. 1994), on the other hand, does. In *Tinsley*, the court held that a plaintiff is legally entitled to recover from an insurance company when sovereign immunity completely bars recovery from a tortfeasor. Allowing "an insurer to escape liability under its contract because of the uninsured motorist's" sovereign immunity, the court said, "would be contrary to the purpose of [Georgia's uninsured motorist laws]." *Id.*

This Court finds *Tinsley* persuasive and extends its sound reasoning to tortfeasors who are partially protected by sovereign immunity. If a tortfeasor's full discharge from litigation by sovereign immunity does not allow an insurance company to escape liability, partial discharge should not either.

To conclude otherwise would incentivize counties who wish to allow accident victim recovery to not purchase liability insurance under § 33-24-51. Victims of fully immune counties could pursue recovery under uninsured motorist provisions, but victims in counties with some liability insurance could not. Assuming the liability insurance policy limits fell below the amount of a victim's damages, a victim in a county with liability

3

insurance would recover less than one in a county without coverage. Such result is contrary to § 33-24-51's goal of increasing compensation for those injured by employees of the state. *Crider v. Zurich Ins. Co.*, 474 S.E.2d 89, 91 (Ga. Ct. App. 1996). FCCI may not escape liability here.

## IV. CONCLUSION

Extending the reasoning of *Tinsley* furthers the purposes of § 33-24-51 and nothing counsels against the extension. The Court therefore *GRANTS* Mitchell's motion and *DENIES* FCCI's. The Clerk shall enter judgment accordingly.

This 19 day of December 2013.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA